IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYCHELL JOHNSON, et al., : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 07-320 |
| DELAWARE COUNTY MUNICIPAL : | |
| DRUG TASK FORCE, et al. : | |

**SURRICK, J.**                                                                                   **OCTOBER 10, 2008**

## MEMORANDUM

On September 30, 2008, we filed an Order dismissing Plaintiffs' Complaint (Doc. No. 1) and Plaintiffs' purported Amended Complaint (Doc. No. 23) as to all remaining Defendants. (*See* Doc. No. 36.)  This memorandum is written in support of that Order.

**I.     BACKGROUND**

Plaintiffs Tychell Johnson, Troy Cauthorn, Tyche' Cauthorn, Troi Cauthorn, and Tysheer Cauthorn filed this action against Defendants Delaware County Deputy District Attorney Katayoun Copeland ("Copeland"), Delaware County Municipal Drug Task Force ("Drug Task Force"), Pennsylvania State Police, Delaware County Attorney General,[1] and the Governor of Pennsylvania.[2]  Plaintiffs filed their original *pro se* Complaint on January 25, 2007.  (*See* Doc. No. 1.)[3]  Plaintiffs' action is based upon a search of their home on December 7, 2006 and Troy

---

[1] There is no office of "Delaware County Attorney General."

[2] The United States Attorney's Office for the Easter District of Pennsylvania and the Office of Attorney General in Washington, D.C., were included as defendants in the original Complaint.  We dismissed these defendants on June 29, 2007.  (*See* Doc. No. 12.)

[3] Plaintiffs paid the filing fee and have not requested to proceed *in forma pauperis*.

Cauthorn's subsequent arrest and imprisonment pending trial.  Plaintiffs' Complaint alleges that at approximately 6:05 a.m. on Thursday, December 7, 2006, police officers entered their residence with guns drawn.  Plaintiffs allege that Plaintiff Tychell Johnson was thrown to the floor and handcuffed with "excessive force."  Plaintiff Troy Cauthorn was hit over the head with a gun and handcuffed with "excessive force."  The family was taken to the living room while the police searched the house for drugs and illegal weapons.  The officers then destroyed and wrecked each part of the home, damaged and destroyed both doors, and stole house keys and an alarm remote.  Plaintiffs assert that the family has been humiliated and the children have been traumatized.  Plaintiffs state that: "These officers violated the four amendment [sic] and acted under the color of the law by using their power and authority to invaded [sic] my home.  This order was given by the District Attorney of Delaware County Katayloun Copeland to invaded [sic], seize property, harass, and falsely arrested [sic] my family."[4]  (Doc. No. 1 at 1.)  Plaintiffs assert that Copeland ordered the search and arrest based on the false information of an informant.  (*Id*. at 2.)

Counsel for the Drug Task Force and Copeland entered appearances and executed waivers of service.  (*See* Doc. Nos. 3-6.)  Both defendants filed Motions to Dismiss.  (*See* Doc. Nos. 7, 9.)  These motions were dismissed without prejudice and a status conference was

---

[4] At a status conference on July 20, 2007, defense counsel advised that Copeland was not personally involved in or present at the search and counsel did not know what agency was involved in the search.  (Hr'g Tr. 5-6, July 20, 2007.)  Copeland is in charge of prosecutions related to drug offenses in Delaware County and is currently prosecuting a criminal action against Troy Cauthorn.  Cauthorn is awaiting trial in the criminal division of the Court of Common Pleas of Delaware County*,* Pennsylvania, Criminal No. 3865-07.  Plaintiffs advised that the basis of their lawsuit against Copeland is that a sergeant mentioned her name during the December 7, 2006 search.  (Hr'g Tr. 6-7.)

scheduled.  (*See* Doc. No. 11.)  The purpose of the status conference was to discuss with *pro se* Plaintiffs and defense counsel the basis for the claims that were being made, which defendants were actually involved, and the status of defendants that apparently had not been served.

The status conference was held in Courtroom 8A on July 20, 2007.  *Pro se* Plaintiffs and defense counsel for Copeland and the Drug Task Force were present.[5]  During the course of the conference, we advised Plaintiffs on a number of occasions that they should attempt to retain counsel.[6]  At the conclusion of that conference an Order was entered directing Plaintiffs to provide proof of service of the Complaint on Defendant Pennsylvania State Police within twenty days and to file an amended complaint within ninety days.  (*See* Doc. No. 18.)  As of this date, more than fourteen months later, no proof of service has been provided.  On July 27, 2008, Plaintiffs filed a "Motion in Request to Amend Civil 07-cv-320 Under Rule 15-B of Federal Rules of Civil Procedure."  (Doc. No. 20.)  Attached to the Motion was a copy of the original Complaint, a copy of the search warrant for 5 Mill Road, Thornbury Township, Delaware County, issued to the Pennsylvania State Police on December 5, 2006, and a copy of the inventory of items seized during the search on December 7, 2006.  (*See id*.)  The "Certificate of Service" attached to this document states:  "I hereby certify that I sent or mail [sic] a copy of my amended complaint: To all of the respondents herein."  (*See id*. at unnumbered 3.)  This Motion was dismissed without prejudice.  (Doc. No. 22 at 1 n.2.)  On August 3, 2007, Plaintiffs filed an

---

[5] Plaintiff Troy Cauthorn was not present.  He was in jail.

[6] Plaintiff Tychell Johnson advised the Court that she had just filed with the Clerk of Court a request for appointment of counsel.  (*See* Doc. No. 15.)  We advised Plaintiffs that at that juncture we would not appoint counsel and the request was denied.  (*See* Hr'g Tr. 21-22; Doc. No. 19.)

identical motion, but without the attachments.  (*See* Doc. No. 23.)

The Amended Complaint seeks to amend civil action 07-320 for the following reasons:

1. Conducting an illegal and unlawful WITCH HUNT on pro se [Troy Cauthorn] family via.
2. Misusing and abusing her authority as a U.S. Assistant District Attorney Katayoun Copeland
3. Commanding i.e. defendants, informant Alfonzo A. Caldwell a convicted murder, PA. State Police and Delaware County Task Force to follow
4. Harass, and scare pro se and family to commit the sweeping detail account of the attached complaint which shows that defendant Katalyoun Copeland.
5. Issued a search on the stated date of the attached complaint that also shows that no drugs or weapons were ever found.
6. Why were the items that were listed, please see exhibit B attached here to and incorporate the same here in by reference and inter alia.
7. There is a pattern and practice of this WITCH HUNT once against Defendant Katalyoun Copeland commanded her Thugs to arrest and take pro se vehicle which was rented this second time she arrested based on a manufactured lie having pro se on tape which only shows a hand of someone.  This WITCH HUNT must stop.

(Doc. No. 23 (mistakes in original).)  As relief, Plaintiffs request that the Court release Troy Cauthorn from prison and award $20 million in damages to each adult Plaintiff and $7 million in damages to each child.

On August 20, 2007, Plaintiffs filed a "Motion to Reopen under rule 60 of Federal rules of civil procedure in accordance to rule 60 of F.R. of L.P."  (*See* Doc. No. 24 (mistakes in original).)  Plaintiffs have also filed exhibits, including transcripts from proceedings related to Troy Cauthorn's criminal case.  (*See* Doc. No. 25.)  Between October 15, 2007, and November 19, 2007, Plaintiffs filed two "Petition[s] for a Writ of Mandamus or in the alternative a Writ of Prohibition," (*see* Doc. Nos. 26, 31), and a "Motion in Request to Amend A Writ of Mandamus or in The Alternative A Writ or [sic] Prohibition, (*see* Doc. No. 29).  The Drug Task Force and Copeland filed responses in opposition.  (*See* Doc. Nos. 27, 28.)

On November 15, 2007, the Drug Task Force filed a Renewed Motion to Dismiss asserting, among other things, that Plaintiffs had not complied with the Court's Order to file an amended complaint and that Plaintiffs did not set forth any factual allegations indicating that the Drug Task Force was involved in the search. (Doc. No. 30 at 2.)[7]

On January 8, 2008, Plaintiffs filed an appeal in the Third Circuit Court of Appeals. (*See* Doc. No. 33.) This appeal was later dismissed upon request of Plaintiffs on February 27, 2008. (*See* Doc. No. 35.)

## II.   DISCUSSION

A *pro se* litigant's pleadings are subject to more liberal review by a district court than pleadings prepared by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In light of the *pro se* status of Plaintiffs, we considered Plaintiffs' Complaint, Amended Complaint, and the purported Amended Complaint that was dismissed, when entering the September 30, 2008 Order.

Plaintiffs' filings contain many unsupported conclusory statements and accusations against Delaware County Deputy District Attorney Katayoun Copeland and demand that Troy Cauthorn be released from jail. Plaintiffs appear at least in part to be attempting to use this legal action to attack a criminal prosecution of Troy Cauthorn in Delaware County.

Plaintiffs' original Complaint is in the form of a narrative by Tychell Johnson relating the events of Thursday, December 7, 2006. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

---

[7] During the hearing on July 20, 2007, counsel for the Drug Task Force advised the Court that to the best of his knowledge, the Drug Task Force was not involved in any way in the search of Plaintiffs' home on December 7, 2006. (*See* Hr'g Tr. 9.)

circumstances."). Although the Complaint alleges that excessive force was used on Tychell Johnson and Troy Cauthorn during the search and that property was damaged, it does not set forth either the factual basis or the legal basis for the claims against Defendant Copeland, nor does it state with particularity the basis for the claims against the other Defendants. So that we could determine just exactly what Plaintiffs were claiming against each individual Defendant, we directed Plaintiffs to "file an Amended Complaint in accordance with Federal Rule of Civil Procedure 8, setting forth a short and plain statement of the claim against each defendant sued, to include factual and legal basis for the claim." (Doc. No. 18.) Instead of complying with the Court's Order, Plaintiffs filed a one-and-a-half page document that simply asserts various unsupported accusations against Copeland, who is currently prosecuting the criminal case against Troy Cauthorn and who seems to be the main target of their ire. Plaintiffs' only allegations involving the remaining defendants appear to be that Copeland directed informant Alfonso Caldwell, the Pennsylvania State Police, and the Drug Task Force, (i.e., Copeland's "Thugs") to execute the search of the Johnson-Cauthorn residence and seize Troy Cauthorn's rented vehicle.

We will discuss defendant-specific reasons for dismissing the Complaints.

       *1.*     *The Governor of Pennsylvania*

In their Complaint and Amended Complaints, Plaintiffs make no allegations about the involvement of the Governor of Pennsylvania in the alleged deprivation of their constitutional rights. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 537

n.3 (1981)). In a subsequent filing, Plaintiffs state baldly that "Governor Office and U.S. Assistant Attorney allowed acquiesce these actions to happen[.]" (Doc. No. 24 (mistakes in original).) While personal involvement can be demonstrated through allegations of acquiescence, such allegations "must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. Plaintiffs' vague and conclusory allegations do not satisfy the standard of "appropriate particularity." Accordingly, the Complaint was dismissed with prejudice as to the Governor.

    2.  *Pennsylvania State Police*

A fair reading of the Complaint, the Amended Complaints, and the attachments, indicates that Plaintiffs may have a claim against the Pennsylvania State Police for the use of excessive force. However, at the hearing on July 20th, Plaintiffs were directed to provide proof that service had been made on the State Police and an Order was entered in this regard. (*See* Doc. No. 18.) Plaintiffs have failed to comply with the Order. More than one year has passed since the filing of both Plaintiffs' original Complaint and Amended Complaints against Defendant Pennsylvania State Police. As of this date, there is no indication on the record that Defendant Pennsylvania State Police were ever served and no appearance has been entered by counsel on its behalf. Plaintiffs have demonstrated no reasonable basis for failing to comply with the Court's July 20th Order. Accordingly, we dismissed the Complaints against the Pennsylvania State Police.[8]

    3.  *Delaware County Municipal Drug Task Force*

---

[8] We note that below the caption of Plaintiffs' "Motion in Request to Amend Civil Action 07-cv-320," Plaintiffs included the names of individual Pennsylvania State Troopers. (*See* Doc. No. 20.) If it was Plaintiffs' intention to join these individual officers as defendants, Plaintiffs have failed to serve them also.

At the July 20th conference, counsel for the Delaware County Municipal Drug Task Force advised the Court that the Drug Task Force is simply a mechanism created by police departments in the County to coordinate the processing of drug prosecutions. (Hr'g Tr. 9-11.) Counsel advised that to his knowledge, the Drug Task Force had no involvement in this matter whatsoever. (*Id*. at 11.)

The Drug Task Force filed a Renewed Motion to Dismiss on November 15, 2007. (*See* Doc. No. 30.) Almost one year later, Plaintiffs have yet to respond to the Motion. Local Rule of Civil Procedure 7.1(c) provides that

> any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed.R.Civ.P. 56(c).

Local R. Civ. Pro. 7.1(c). Plaintiffs having failed to respond, we granted the Motion as uncontested.

          4.     *Delaware County Deputy District Attorney Katayoun Copeland*

Although the Complaint and Amended Complaint contain a number of conclusory accusations against Copeland, Plaintiffs do not offer any facts to support a § 1983 action predicated on Fourth Amendment violations. Plaintiffs have had adequate time to craft a more detailed factual statement that would provide Copeland with a basis to respond to their allegations. Based on Plaintiffs' Complaints, the Court can discern that Plaintiffs believe that Copeland is conducting a "witch hunt" based upon Copeland's role in securing a search warrant for Plaintiffs' residence. We note, however, that at the status conference, Plaintiffs indicated that they connect the search to Copeland based only upon a mention of Copeland's name by a

sergeant during the December 7, 2006 search. (Hr'g Tr. 6-7.) Prosecutors are immune from § 1983 liability for "acts intimately associated with the judicial phase of the criminal process," including "initiating a prosecution and presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "The act of initiating and presenting the state's case includes appearances before a judge to establish probable cause for a search warrant." *Lomaz v. Hennosy*, 151 F.3d 493, 499 (6th Cir. 1998) (*citing Burns v. Reed*, 500 U.S. 478, 496 (1991)). In addition, prosecutors act as advocates "during the preparation of the affidavit and search warrant for presentation in court." *Lomaz*, 151 F.3d at 499. Even if Copeland were involved in preparing or presenting the search warrant, she is entitled to prosecutorial immunity.[9]

### III.    CONCLUSION

For the reasons stated above, we dismissed Plaintiffs' Complaint and the Amended Complaints without prejudice.

BY THE COURT:

_/s/ C.S.H._

_____
R. Barclay Surrick, Judge

---

[9] At the July 20th status conference, Copeland's attorney advised that preparation and presentation of search warrants were not Copeland's normal duties. (Hr'g Tr. 5-6.)